UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT F. COOMES<br>FOR MATT T. COOMES,<br><br>    PLAINTIFF,<br><br>V.<br><br>JO ANNE B. BARNHART, COMMISSIONER<br>OF SOCIAL SECURITY,<br><br>    DEFENDANT. | CIVIL NO. 05-1455 (DSD/AJB)<br><br>**REPORT AND RECOMMENDATION ON<br>DEFENDANT'S MOTION TO DISMISS** |

DANIEL S. RETHMEIER for the plaintiff SCOTT F. COOMES.

LONNIE F. BRYAN for the Commissioner.

---

**I.     INTRODUCTION**

  This matter is before the court, United States Magistrate Judge Arthur J. Boylan, for a report and recommendation to the District Court on Defendant's Motion to Dismiss based on Plaintiff's lack of standing. *See* 28 U.S.C. § 636 (b)(1) and Local Rule 72.1.

  Scott F. Coomes ("Plaintiff") is the brother of the deceased Social Security claimant, Matt T. Coomes. The government asserts that Plaintiff does not have standing to contest the unfavorable decision of the Commissioner of the Social Security Agency ("Commissioner") denying his brother's claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income benefits ("SSI") under Title XVI of the Act.

Based on the reasoning set forth below, this Court **recommends** that Defendant's Motion to Dismiss [Docket No. 19] **be GRANTED** and this case be **DISMISSED** without prejudice.

**II.    ISSUE**

The issue before the Court is whether Plaintiff lacks standing to pursue this action on behalf of his deceased brother, Matt Coomes.

**III.   PROCEDURAL HISTORY**

Matt Coomes filed an application for DIB on March 1, 2002 and for SSI on May 15, 2002. His applications were denied by the Social Security Administration initially, upon reconsideration, and following a hearing by an Administrative Law Judge ("ALJ"). Matt Coomes filed a request for review to the Appeals Council. Unfortunately, Matt Coomes died on January 14, 2005.

On May 20, 2005, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision on behalf of Matt Coomes. On April 27, 2006, Defendant filed a motion to dismiss based on Plaintiff's lack of standing to bring this action. On May 1, 2006, this Court ordered Plaintiff to file a response to Defendant's motion to dismiss by May 30, 2006. [Docket No. 22].

On May 30, 2006, Plaintiff responded to Defendant's motion to dismiss and requested an extension of time for purposes of establishing standing. Plaintiff asserted that he was attempting to become the legal representative of his brother's estate so that he could establish his standing in this case. On May 31, 2006, this Court granted Plaintiff an extension of time and ordered him to file a response to Defendant's motion to dismiss on or before June 30, 2006. [Docket No. 26].

On June 29, 2006, Plaintiff provided this Court with a copy of his application to the state

district court for appointment as personal representative for Matt Coomes' estate. This Court in its order dated August 3, 2006, stated that an application is insufficient to afford Plaintiff the legal authority to act as personal representative for Matt Coomes' estate. [Docket No. 28]. This Court also stated that Plaintiff must show that he is legally recognized as the personal representative of Matt Coomes' estate under Minnesota law. [Id.]. The Court gave Plaintiff until August 14, 2006 to show that he is legally recognized as personal representative of Matt Coomes' estate or to show cause why this Court should not recommend that this case be dismissed for Plaintiff's lack of standing. [Id.].

On August 14, 2006, Plaintiff requested an additional 30 days to be appointed as personal representative of Matt Coomes' estate. On August 15, 2006, this Court granted Plaintiff an additional 30 days to be appointed and qualified as personal representative of Matt Coomes' estate. [Docket No. 32]. Plaintiff had until September 14, 2006 to fulfill these requirements. [Id]. The Court also ordered Plaintiff to provide a certified copy of any order appointing him as personal representative of Matt Coomes' estate. [Id.]. In addition, the Court ordered Plaintiff to provide the Court with a list of all heirs or next-of-kin of Matt Coomes and proof that Plaintiff informed them of these proceedings. [Id.].

On August 14, 2006, Plaintiff informed the Court that he made a good-faith effort, but was unable to qualify as personal representative of Matt Coomes' estate by September 14, 2006. Plaintiff requested an extension of time to October 1, 2006 to comply with this Court's order. On September 21, 2006, this Court granted Plaintiff's request for additional time. [Docket No. 34]. The Court instructed Plaintiff that he had until October 2, 2006 to comply this Court's order dated, August 15, 2006. The Court also ordered Plaintiff to submit a response memorandum to Defendant's motion to

dismiss and to discuss whether he has standing to prosecute this action as personal representative of Matt Coomes' estate.

On October 2, 2006, Plaintiff filed his response memorandum to Defendant's motion to dismiss. Plaintiff restated various legal arguments which he provided in previous briefs to this Court. Plaintiff indicated that he has filed his application to become legal representative of his brother's estate in an informal intestacy proceeding. Joanne Coomes, Plaintiff's mother, nominated him as personal representative of Matt Coomes' estate. Plaintiff asserted that he would be appointed personal representative of the estate upon notice to the other heirs.

**IV.   DISCUSSION**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a claim where a federal court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1).

Generally, a plaintiff that is seeking DIB benefits on behalf of a deceased claimant must be a surviving spouse or the child of the deceased claimant. 42 U.S.C. § 404(d)(1)-2; 20 C.F.R. § 404.503(b)(1)-(2). Moreover, a plaintiff that is seeking SSI benefits on behalf of a deceased claimant must be a surviving spouse, or in the case of a minor decedent, a parent. 42 U.S.C. § 138(b)(1)(A); 20 C.F.R. § 416.542(b).

The Act authorizes payments to individuals on an established order of priority. 42 U.S.C. § 404(d); 20 C.F.R. § 404.503. The legal representative of the estate of the deceased beneficiary is the seventh and last individual in the statutory order of priority. 42 U.S.C. § 404(d)(7); 20 C.F.R. § 404.503(b)(7).

Plaintiff has the burden to establish (1) that he is the legal representative of his brother's estate

and (2) that he has the highest priority. Plaintiff has failed to meet these requirements even though this Court has provided him with every opportunity to do so.

Here, Plaintiff is the brother of Matt Coomes. Plaintiff has failed to comply with this Court's previous Orders requesting that he provide the Court with proof that he is legally recognized as the personal representative of Matt Coomes' estate.

The Court finds that Plaintiff lacks standing to pursue this action. Therefore, this Court lacks jurisdiction over the subject matter of this case.

## V. CONCLUSION AND RECOMMENDATION

Accordingly, the Court **recommends** that Defendant's Motion to Dismiss [Docket No. 19] **be GRANTED** and that this case be **DISMISSED** without prejudice.

Date: 12/7/06

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2 (b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **December 22, 2006.**